UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **FANTASTIC SAMS FRANCHISE CORPORATION,**<br><br>Petitioner,<br><br>v.<br><br>**KING AND BASSIG, INC., JOHN C. BASSIG, and FAITH BASSIG,**<br><br>Respondents. | Case No. 1:23-cv-10280 |

## PETITION TO CONFIRM ARBITRATION AWARD

Fantastic Sams Franchise Corporation ("FSFC") respectfully petitions the Court, pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.*, for an order confirming a final arbitration award rendered by an arbitrator of the American Arbitration Association ("AAA") and a judgment consistent with that award. In support of its petition, FSFC states as follows:

### INTRODUCTION

1. Petitioner FSFC is the franchisor of the Fantastic Sams® brand of family haircare salons operating throughout the country. Respondent King and Bassig, Inc. ("K&B") is the former franchisee of a Fantastic Sams®-brand hair salon under a franchise agreement with FSFC. Respondents John C. Bassig and Faith Bassig personally guaranteed K&B's payment and performance obligations and agreed to be personally bound by, and personally liable for breaches of, each and every provision of the franchise agreement.

2. The parties' franchise agreement required arbitration of disputes between the parties. In accordance with those agreements, FSFC initiated an arbitration proceeding before the

AAA's Boston, Massachusetts office on June 1, 2021 relating to respondents' abandonment of the franchise salon.

3. Respondents did not participate in the arbitration or final hearing despite being given due notice of the proceedings.

4. On February 2, 2022, the arbitrator entered the final award in the arbitration, ruling that respondents breached their franchise agreement and were liable for damages, arbitration costs, and attorneys' fees under the franchise agreement.

5. FSFC now seeks to confirm that award.

## THE PARTIES

6. Petitioner FSFC is a Delaware corporation with its principal place of business in Woburn, Massachusetts.

7. Respondent K&B is a California corporation with its principal place of business in Novato, California.

8. Respondent John C. Bassig is a citizen and resident of California.

9. Respondent Faith Bassig is a citizen and resident of California.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) because this is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

11. Venue is proper in this judicial district under 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to the claims asserted herein occurred in this judicial district. Venue is also proper under 9 U.S.C. § 9 because the underlying arbitration was conducted in this judicial district.

12. This Court has personal jurisdiction over respondents because they expressly consented in writing to the personal jurisdiction of this Court.

## THE ARBITRATION

13. On June 1, 2021, FSFC submitted a demand for arbitration before the AAA in an action styled *Fantastic Sams Franchise Corporation v. King and Bassig, Inc. et al.*, AAA Case No. 01-21-0004-1055.

14. The duly appointed arbitrator in the arbitration was Dustin F. Hecker.

15. Respondents refused to participate in the arbitration despite due notice in accordance with the Commercial Arbitration Rules of the AAA.

16. On February 2, 2022, the arbitrator rendered the final award in the arbitration (the "Award"). A true and correct copy of the Award is attached hereto as Exhibit 1.

17. The arbitrator awarded FSFC:

   a. Damages in the amount of $213,303.70;

   b. Reimbursement of administrative fees and arbitrator compensation in the amount of $5,932.50; and

   c. Attorneys' fees in the amount of $14,446.50.

18. The award has not been vacated under Section 10 of the FAA, 9 U.S.C. § 10, nor modified or corrected under Section 11 of the FAA, 9 U.S.C. § 11, and the time to do so has expired. Under Section 12 of the FAA, respondents had three months—until May 2, 2022—to challenge the Award. 9 U.S.C. § 12.

19. FSFC has brought this action within one year after the award was made. 9 U.S.C. § 12.

## THE COURT "MUST" CONFIRM THE ARBITRATION AWARD

20. FSFC applies to this Court for confirmation of the Award, pursuant to Section 9 of the FAA, 9 U.S.C. § 9, which provides, in pertinent part:

> [A]ny party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

21. The United States Supreme Court has held that "[u]nder the terms of [Section] 9, a court 'must' confirm an arbitration award 'unless' it is vacated, modified, or corrected, 'as prescribed' in [Sections] 10 and 11." *Hall St. Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576, 582 (2008) (quoting 9 U.S.C. § 9); *Raymond James Fin. Servs., Inc. v. Fenyk*, 780 F.3d 59, 68 (1st Cir. 2015) (quoting *Cytyc Corp. v. DEKA Prods. Ltd. P'ship*, 439 F.3d 27, 32 (1st Cir. 2006)) ("Barring exceptions inapplicable here, our limited review of arbitral decisions requires us to uphold an award, regardless of its legal or factual correctness, if it 'draw[s] its essence from the contract that underlies the arbitration proceeding.'").

22. Respondents' failure to appear in the final arbitration hearing is not grounds for denying confirmation of the Award. *In re Overseas Cosmos, Inc. & NR Vessel Corp.*, No. 97 CIV. 5898, 1997 WL 757041, at *4 (S.D.N.Y. Dec. 8, 1997).

23. Here, the parties agreed to arbitrate the claims between them pursuant to the terms of the franchise agreement, the arbitration has been held, the arbitrator rendered a final award, that award has not been vacated, modified, or corrected, and the time to challenge the Award has expired. Section 9 of the FAA, 9 U.S.C. § 9, requires that the Award be confirmed.

**PRAYER FOR RELIEF**

WHEREFORE, petitioner FSFC respectfully requests that the Court enter an Order confirming the Award pursuant to 9 U.S.C. § 9 and enter judgment pursuant to 9 U.S.C. § 13 consistent with the Award contained in Exhibit 1.

Dated: February 2, 2023

Respectfully submitted,

**FANTASTIC SAMS FRANCHISE CORPORATION**

s/ Max DeLeon

Max DeLeon, BBO# 699913
Aaron-Michael Sapp (*pro hac forthcoming*)
Gar N. Lauerman (*pro hac forthcoming*)
CHENG COHEN LLC
363 West Erie Street, Suite 500
Chicago, IL 60654
(312) 243-1701
max.deleon@chengcohen.com
asapp@chengcohen.com
gar.lauerman@chengcohen.com

*Attorneys for Petitioner Fantastic Sams Franchise Corporation*